**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHAANTE QUINESHA CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1483** |
| **HUNTINGTON INGALLS, INC., ET AL.** | **SECTION "B"(5)** |

**ORDER AND REASONS**

Before the Court are defendant Huntington Ingalls Incorporated's[1] ("Avondale") Notice of Removal (Rec. Doc. 1), plaintiff's Motion to Remand (Rec. Doc. 36), defendant Avondale's Memorandum in Opposition to Plaintiff's Motion to Remand (Rec. Doc. 55) and defendant Hopeman Brothers Inc.'s Memorandum in Opposition to Plaintiff's Motion to Remand (Rec. Doc. 56).

For the following reasons,

**IT IS ORDERED** that the motion to remand is **DENIED**.

**I.    FACTS AND PROCEDURAL HISTORY**

As a child, Reginald A. Hamilton, Jr. frequented his grandmother's restaurant, the Rail Restaurant, in the 1960s and 1970s. The restaurant was in walking distance from Avondale's Main Yard, and thus, was often patronized by Avondale Shipyard workers, contractors, and employees, as well as by military personnel. Rec. Doc. 36 at 2, 4. Throughout this time, Mr. Hamilton was exposed daily (or near daily) to asbestos dust from the contaminated

---

[1] F/K/A Northrup Grumman Shipbuilding, Inc., F/K/A Northrup Grumman Ship Systems, Inc., F/K/A Avondale Industries, Inc., F/K/A Avondale Shipyards, Inc., F/K/A Avondale Marine Ways Inc.

clothing of Rail Restaurant customers. *Id.* at 4; Rec. Doc. 55 at 2.

During the alleged years of exposure, Avondale constructed twenty-seven Destroyer Escorts for the United States Navy, twelve Cutters for the United States Coast Guard, and thirty-nine cargo vessels for the United States Maritime Administration (MARAD). Rec. Doc. 55 at 3, 5. These vessels were built under contracts executed between Avondale and the federal government. *Id.* The contracts mandated that Avondale use asbestos containing materials, and Avondale could not deviate from this requirement without prior approval from the Navy or the Coast Guard. *Id.* at 3-4, 6. Navy and Coast Guard inspectors oversaw the construction of the Destroyer Escort and Cutter vessels and MARAD personnel inspected construction of cargo vessels daily. *Id.* at 4, 6.

In May 2021, Mr. Hamilton was diagnosed with asbestos-related mesothelioma. Rec. Doc. 36 at 2. Due to Mr. Hamilton's diagnosis and declining health, the Orleans District Court granted an Order on May 28, 2021 to perpetuate Mr. Hamilton's testimony. Rec. Doc. 1-2 at 1, 7. Mr. Hamilton died from malignant mesothelioma in June 2021. Rec. Doc. 36 at 2.

On July 7, 2021, plaintiff Shaante Quinesha Clark filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson in the State of Louisiana. Rec. Doc. 36 at 5. Clark is Mr. Hamilton's adult daughter and statutory heir. *Id.* She

is also the tutor of her brother, and Mr. Hamilton's son, R.H., who is a minor. *Id.* On August 5, 2021, Avondale removed the case to federal court pursuant to 28 U.S.C. §§ 1441, 1442, 1446. Rec. Doc. 1 at 2. Plaintiff then filed the instant motion to remand on August 31, 2021. Rec. Doc. 36.

## II.  LAW AND ANALYSIS

### A. Subject Matter Jurisdiction Under 28 U.S.C. § 1442(a)

A civil action commenced in state court may be removed to federal court if the action is related to an officer, person acting under that officer, or agency of the United States when that entity is acting "for or relating to" the color of such office. 28 U.S.C. § 1442(a)(1). "The removing defendant bears the burden of demonstrating federal subject matter jurisdiction exists" and that removal was thus proper. *Breaux v. Gulf Stream Coach, Inc.*, No. 08-893, 2009 WL 152109, at *1 (E.D. La. Jan. 21, 2009) (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Unlike other forms of removal that are strictly construed in favor of remand, the federal officer removal statute is liberally construed in favor of removal. *Neal v. Ameron Int'l Corp.*, 495 F. Supp. 3d 375, 382 (M.D. La. 2020); *see Breaux,* 2009 WL 152109, at *2.

The Supreme Court has urged courts to refrain from "a narrow, grudging interpretation of § 1442(a)(1)." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). The Federal Officer Removal Statute does

not require that the district court have original jurisdiction over the plaintiff's claims and may be removed even if a federal question arises as a defense rather than a claim in the plaintiff's complaint. *See Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (citing *Mesa v. California,* 489 U.S. 121, 136 (1989)). Therefore, the Fifth Circuit allows federal officers to remove cases to federal court beyond the scope of federal question removal. *Reulet v. Lamorak Ins. Co.*, No. 20-404-BAJ-EWD, 2021 WL 1151568, at *4 (M.D. La. Mar. 4, 2021).

Fifth Circuit precedent previously interpreted the "for or relating to" clause in the federal removal statute as requiring defendants to show "that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims." *Latiolais*, 951 F.3d at 291. The Fifth Circuit's more recent decisions have deviated from this approach, and instead, have considered whether "defendant's actions 'related to' a federal directive." *See St. Charles Surgical Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, 990 F.3d 447, 452 (5th Cir. 2021) (quoting *Latiolais*, 951 F.3d at 291, 296). Under this approach, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) it acted pursuant to a federal officer's directions, and (4) the charged conduct is *connected or associated* with an act

pursuant to a federal officer's directions. *Latiolais*, 951 F.3d at 296.

### B. Removal Was Timely

There are two ways to remove an action under § 1442(a). First, you may remove the case after receiving an initial pleading that qualifies for removal. 28 U.S.C. § 1446(b)(1). The removing party has thirty days to remove the action upon receiving an initial pleading that "affirmatively reveals on its face that" the case is removable. *Hutchins v. Anco Insulations*, Inc., No. 19-11326, 2021 WL 1961664, at *1 (E.D. La. May 17, 2021) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)); *see* 28 U.S.C. § 1446(b)(1).

When the initial pleading is not removable under § 1446(b)(1), a defendant may file a Notice of Removal if they receive "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Like § 1446(b)(1), the removing party has thirty days to file their Notice of Removal upon receiving a copy of the satisfactory "amended pleading, motion, order or other paper." *Id.*

Here, service of plaintiff's petition triggered the thirty-day time limit for removal. Plaintiff's petition on its own would not have triggered removal under § 1442(a) because it did not name any federal vessels or "other details that made the case removable

under the Federal Officer Removal Statute." *See Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2020 WL 6867250, at *3 (E.D. La. Nov. 23, 2020). However, when Avondale removed the case to federal court, it already possessed Mr. Hamilton's deposition transcript, which contained details that made the case removable under § 1442(a). *See* Rec. Docs. 1, 1-3; *see also* Rec. Doc. 1-4 at 4-6. Plaintiff argues Mr. Hamilton was exposed to asbestos by frequenting the Rail Restaurant where Avondale employees, contractors, and workers often patronized. Rec. Doc. 1-3 at 3. In Mr. Hamilton's testimony, he states that Rail Restaurant patrons included people from the "Army, Navy, [and] Marines" and that "all the Army people came from Avondale." Rec. Doc. 1-4 at 2. Military and other federal personnel would only have been present at Avondale due to Avondale's work for the federal government. Thus, because Mr. Hamilton's deposition transcript already contained information that could permit removal pursuant to § 1442(a), once defendants received service of plaintiff's petition, the thirty-day time limit was triggered. As defendant removed the case to federal court within this thirty-day time frame, removal was timely. *See* Rec. Docs. 1, 1-3.[2]

---

[2] Avondale argues that even if plaintiff's petition did not trigger the thirty-day time limit for removal, defendant may still remove to federal court "so long as [it] can provide evidence supporting jurisdiction." Rec. Doc. 55 at 12. The Court need not reach a conclusion on this issue as it finds that plaintiff's petition did trigger the thirty-day time limit under § 1446(b)(1).

C. The "Connection and Association" Prong[3]

To survive the removal stage, defendants must show that plaintiff's claims "relat[e] to" the defendant's actions under the direction of a federal officer. *Latiolais*, 951 F.3d at 296. "Relating to" is a broad term meaning "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Id.* at 292 (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)). Under this definition, the Court finds that plaintiff's claims are "connected or associated with" defendants' acts pursuant to a federal officer's direction, and thus, removal under § 1442(a) was proper.

Plaintiff claims Mr. Hamilton was exposed to asbestos from dust contaminating the clothing of "Avondale Shipyard employees, contractors, and workers" who frequented his grandmother's restaurant throughout the 1960s and 1970s. Rec. Doc. 36 at 2. Besides Avondale employees, Mr. Hamilton testified that he also often saw Army, Navy, and Marines personnel in the restaurant. Rec. Doc. 1-4 at 4-6. The only reason that military personnel would have been present in Avondale, and consequently, at the Rail

---

[3] Plaintiff does not contest the first three substantive elements of the federal officer removal statute. *See infra* Part III.A at 10; Rec. Doc. 36 at 6-11. Therefore, our analysis will only examine whether plaintiff's claims are *connected or associated* with an act pursuant to a federal officer's directions.

Restaurant, is due to Avondale's work on federal vessels, which were built according to federal government contracts mandating use of asbestos containing materials. *See* Rec. Doc. 55 at 3-4, 6. Indeed, during the time period identified, Avondale built at least seventy-eight ships pursuant to federal contract. Rec. Doc. 55-2 at 4-5; Rec. Doc. 55 at 21. Whether military personnel were merely stationed on federal vessels being repaired at Avondale or "worked with or around asbestos," they were present at Avondale due to federal contracts. *See* Rec. Doc. 36 at 11; Rec. Doc. 55 at 20. Thus, when Mr. Hamilton alleges that Rail Restaurant patrons exposed him to asbestos dust from their clothes, and these customers include military personnel, then Mr. Hamilton's exposure was related to Avondale's actions pursuant to a federal officer's directions. As the "connection or association" requirement under *Latiolais* is a "broad" one, defendants have satisfied this substantive element under § 1442(a). *See Bourgeois*, 2020 WL 2488026, at *5-6.

Plaintiff suggests that there is no "evidence connecting or associating Mr. Hamilton's exposures to work performed pursuant to a federal officer's direction." Rec. Doc. 36 at 11. But this instant matter is no different than *Bourgeois*. There, the Court denied plaintiff's motion for remand because plaintiff testified that he "went all over the Avondale shipyard" while six out of twenty-six vessels Avondale built during that tenure were U.S.

Navy destroyer escorts. *Bourgeois*, 2020 WL 2488026, at *6. The Court in *Bourgeois* found the requisite connection between Bourgeois's exposures and Avondale's work performed pursuant to federal direction despite lacking evidence that "Bourgeois set foot *on* a Navy vessel." *Id.* Rather, evidence that Bourgeois delivered mail "all over the Avondale shipyard including areas where asbestos destined for those vessels was used and prepared," was sufficient to satisfy the "connection and association" requirement. *Id.*

Here too defendants satisfy the connection and association prong. Defendants do not provide evidence that any particular person at the Rail Restaurant in the 1960s and 1970s worked on a federal vessel, but that evidence is not required for removal under § 1442(a). *See Bourgeois*, 2020 WL 2488026, at *5-6. It is sufficient evidence that defendants can demonstrate some connection or association with plaintiff claims and defendants' actions pursuant to a federal officer's direction, as here. Thus, defendants satisfy all the substantive elements of the federal officer removal statute and removal is proper.

New Orleans, Louisiana this 18th day of October, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE